O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CLARENCE RUDOLPH ADOLPHUS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case Nos. CR 04-215 CAS,<br>CR 04-402 CAS,<br>CV 16-8800 CAS,<br>CV 16-8871 CAS<br><br>PETITION FOR WRIT OF ERROR *CORAM NOBIS* (CV 16-8800-CAS, Dkt. 1, filed November 28, 2016) |

**I.  INTRODUCTION AND BACKGROUND**

On January 16, 2007, petitioner Clarence Rudolph Adolphus pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846; one count of conspiracy to launder money, in violation of 21 U.S.C. §§ 1956(a)(1), 1956(h), 1957; one count of tax evasion, in violation of 26 U.S.C. § 7201; and one count of obstructing due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a).

/ / /

/ / /

1

CR Dkt. 669.[1] On October 18, 2007, petitioner filed a motion to withdraw his guilty plea, arguing that: (1) his plea colloquy was deficient because the Court did not properly explore the factual basis for the plea; and (2) his plea was involuntary because he was subject to undue pressure. The Court denied petitioner's motion on January 22, 2008. See United States v. Adolphus, No. CR 04-215 CAS, 2008 WL 11301048 (C.D. Cal. Jan. 22, 2008).

On July 27, 2010, the Court sentenced petitioner to a total term of 168 months imprisonment followed by a four-year term of supervised release. CR Dkt. 764. On August 3, 2010, petitioner appealed his sentence, arguing that: (1) the Court violated Federal Rule of Criminal Procedure 32 and prevented meaningful appellate review by failing to make sufficient findings in response to his objection to the aggravating role adjustment; and (2) the Court erred by applying an aggravating role adjustment under U.S.S.G. § 3B1.1(a) because there was no evidence that he had control and authority over another participant with regard to the money laundering offense. CR Dkt. 767. The Ninth Circuit rejected both arguments and affirmed petitioner's sentence. See United States v. Adolphus, 519 F. App'x 469, 470 (9th Cir. 2013).

On June 10, 2016, petitioner completed his term of imprisonment and was subsequently detained by U.S. Immigration and Customs Enforcement ("ICE") at

---

[1] Petitioner filed the same petition for writ of error *coram nobis* with respect to two underlying criminal cases: Case Nos. CR 04-215 CAS and CR 04-402 CAS. The corresponding civil docket numbers are CV 16-8800-CAS and CV 16-8871-CAS. In Case No. CR 04-215 CAS, a grand jury indicted defendant on February 27, 2004 on the tax evasion and obstruction charges. Thereafter, on April 13, 2004, in Case No. CR 04-402 CAS, a grand jury issued a four-count indictment against defendant and eight other co-defendants, which included the conspiracy charges to which defendant pleaded guilty. Unless otherwise noted, "CR" refers to the docket in CR 04-402 CAS and "CV" refers to the docket in CV 16-8800 CAS.

the LaSalle Detention Facility in Jena, Louisiana and placed in removal proceedings. CV Dkt. 1 ("Pet.") at 5–6. Proceeding *pro se*, petitioner filed the instant petition for writ of error *coram nobis* on November 28, 2016 while still in ICE custody and subject to supervised release. See id. On June 18, 2017, the government filed an opposition. CV Dkt. 11 ("Opp'n"). And on October 4, 2017, petitioner filed a response. CV Dkt. 17 ("Resp."). Having carefully considered the parties arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

"*Coram nobis* is an extraordinary writ that usually is available only to petitioners who have fully served their sentences." United States v. Monreal, 301 F.3d 1127, 1131–32 (9th Cir. 2002) (citing Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994)). "Specifically, the writ provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." Estate of McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995) (citations and quotation marks omitted). A petition for writ of error *coram nobis* "fills a very precise gap in federal criminal procedure." Telink, 24 F.3d at 45 (explaining that while a convicted defendant in federal custody may petition for habeas relief under 28 U.S.C. § 2255, there is no statutory basis to collaterally attack a conviction once the sentence has been served). A court's authority to issue a writ of error *coram nobis* derives from the All Writs Act, 28 U.S.C. § 1651(a). Matus–Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002).

The Supreme Court and the Ninth Circuit have both emphasized that "the writ of error coram nobis a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable." United States v. Riedl, 496 F.3d 1003, 1005 (9th Cir. 2007) (citing United States v. Morgan, 346 U.S. 502, 511 (1954) (characterizing the writ as an "extraordinary remedy" that should be granted "only under circumstances

compelling such action to achieve justice") and Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate.")). In order to qualify for *coram nobis* relief, the petitioner must demonstrate that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). "Because these requirements are conjunctive, failure to meet any one of them is fatal." Matus–Leva, 287 F.3d at 760 (citation omitted).

## III. DISCUSSION

Petitioner seeks to vacate his conviction on several grounds, arguing that: (1) he received ineffective assistance of counsel because his attorney failed to prepare for trial and failed to adequately advise him of the immigration consequences of his plea; (2) his plea was involuntary because he was under emotional distress; and (3) the Court's plea colloquy was deficient because the Court did not clearly question petitioner about the factual basis for his plea. Pet. at 4–5. The government contends that petitioner is not entitled to *coram nobis* relief because he cannot satisfy the first, second, and fourth Hirabayashi requirements. Opp'n at 9. Specifically, the government argues that: (1) because petitioner is currently serving a term of supervised release, he remains "in custody" and thus the more usual habeas remedy under § 2255 is available; (2) petitioner has not provided valid reasons for not attacking his conviction earlier; and (3) petitioner cannot show fundamental error because his claim of ineffective assistance of counsel fails on the merits and this Court previously rejected his challenges to the validity of the plea. Id. at 9–17. Because the Court agrees that petitioner cannot satisfy the first two, procedural Hirabayashi requirements, the Court need not reach the merits of petitioner's claims.

## A. "A More Usual Remedy" Under 28 U.S.C. § 2255 is Available

Plaintiff has failed to demonstrate that "a more usual remedy is not available." Hirabayashi, 828 F.2d at 604. The Ninth Circuit has held that a federal defendant who is subject to supervised release remains "in custody" and therefore may seek habeas relief pursuant to § 2255. Matus–Leva, 287 F.3d at 761 (citing Jones v. Cunningham, 371 U.S. 236, 242–43, (1963)). Thus, "[b]ecause the more usual remedy of a habeas petition is available, the writ of error *coram nobis* is not." Id. This is true even if habeas relief under § 2255 is not available as a practical matter because the petition would be time barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See id. ("A petitioner may not resort to *coram nobis* merely because he has failed to meet the AEDPA's gatekeeping requirements. To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal court and enable prisoners to bypass the limitations and successive petitions provisions.")

Here, the Court sentenced petitioner to 168 months imprisonment followed by a four-year term of supervised release. CR Dkt. 764. Petitioner completed his term of imprisonment on June 10, 2016, Pet. at 5, and accordingly remains subject to supervised release until June 9, 2020. Thus, because petitioner satisfies the custody requirement of § 2255, the more usual remedy of a habeas petition is available, and petitioner accordingly may not seek *coram nobis* relief. See Matus–Leva, 287 F.3d at 761. This is true regardless of the fact that petitioner was in removal proceedings and detained by ICE when he filed the petition on November 21, 2016. See United States v. Ndiagu, 591 Fed. App'x 632, 633 (9th Cir. 2015) (holding that a petitioner who was released from federal prison satisfied the "in custody" requirement under § 2255 because he was still subject to a term of supervised release even though he had been transferred to ICE custody and charged as deportable); see also United States v. Swaby, 855 F.3d 233, 239 (4th Cir. 2017) (finding *coram nobis* petition invalid because the petitioner, who was

"under supervised release and detained by immigration authorities," had access to habeas relief under § 2255).

## B. Petitioner Has Not Provided Valid Reasons for Delayed Challenge

Petitioner has also failed to demonstrate that "valid reasons exist for not attacking the conviction earlier." Hirabayashi, 828 F.2d at 604. Although no formal statute of limitations applies to *coram nobis* petitions, "courts have required coram nobis petitioners to provide valid or sound reasons explaining why they did not attack their sentences or convictions earlier." United States v. Kwan, 407 F.3d 1005, 1012 (9th Cir. 2005) (citations omitted), abrogated on other grounds by Padilla v. Kentucky, 559 U.S. 356 (2010). The Ninth Circuit also requires petitioners to exercise due diligence. See Riedl, 496 F.3d at 1008 (citing Klein v. United States, 880 F.2d 250, 254 (10th Cir. 1989) (denying *coram nobis* relief when there was a seven-year delay during which the petitioner did not exercise due diligence). Petitioner has not satisfied this requirement.

With respect to petitioner's claims that the plea colloquy was deficient and that his plea was involuntary, the Court already considered and rejected these arguments when it denied petitioner's motion to withdraw his guilty plea. See Adolphus, 2008 WL 11301048 at *2–3 (finding that petitioner admitted there was a factual basis for his guilty plea, and that the record establishes there was sufficient factual basis for the plea; and concluding that petitioner's guilty plea was voluntary and not the result of undue pressure or emotional distress). Petitioner did not challenge his conviction based on ineffective assistance of counsel until he filed the instant petition on November 28, 2016. This claim was not raised on direct appeal or through a habeas petition pursuant to § 2255. Petitioner argues that the delay was justified because he was in the custody of the U.S. Marshals Service from April 2014 through May 2016 as a government witness. Pet. at 6. Petitioner states he was not given prior notice of his transfer, was unable to take his

/ / /

legal papers with him, and had limited access to the law library while housed in county jail. Id.

Petitioner's purported reason for the delay in challenging his conviction is not persuasive, and a similar argument has been rejected by the Ninth Circuit. Although petitioner may not have been able to pursue his ineffective assistance of counsel claim between April 2014 and May 2016, he offers no explanation why the claim was not raised earlier on direct appeal or through a § 2255 petition within the statutory deadline. See Riedl, 496 F.3d at 1007 (rejecting petitioner's justification for delay based on her deportation because it did not explain why she did not challenge her conviction prior to being deported or while she was still imprisoned). Accordingly, the Court concludes that petitioner in not entitled to *coram nobis* relief because he has offered no valid reasons for the delay in attacking his conviction.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** the petition for writ of error *coram nobis*.

IT IS SO ORDERED.

Dated: October 18, 2017

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE